# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

ANDRE ALSTON,

        Petitioner,

v.                     Case No.: 3:21-cv-1150-MMH-MCR
                                     3:13-cr-124-MMH-MCR

UNITED STATES OF AMERICA,

        Respondent.

_____

## <u>ORDER</u>

Petitioner Andre Alston moves to vacate his conviction and sentence under 28 U.S.C. § 2255. (Civ. Doc. 1, § 2255 Motion.)[1] In 2015, Alston pleaded guilty to one count of possession of a firearm by a convicted felon and was sentenced to 15 years' imprisonment under the Armed Career Criminal Act (ACCA). <u>See</u> 18 U.S.C. §§ 922(g)(1), 924(e).[2] Alston alleges prosecutorial misconduct and violations of his Fifth Amendment right to due process, his Sixth Amendment right to a speedy trial, and his right to the effective

---

[1]     "Civ. Doc. #" refers to docket entries in the § 2255 case, No. 3:21-cv-1150-MMH-MCR. "Crim. Doc. #" refers to docket entries in the criminal case, No. 3:13-cr-124-MMH-MCR. Under <u>Castro v. United States</u>, 540 U.S. 375 (2003), the Court construed the § 2255 Motion from a motion seeking release from custody (Civ. Doc. 1; Crim. Doc. 171). (<u>See</u> Civ. Docs. 2, 4.)

[2]     Ordinarily, the maximum penalty for possession of a firearm by a convicted felon is ten years in prison. 18 U.S.C. § 924(a)(2). But under the ACCA, for a person who violates § 922(g) and who has three or more prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another," the mandatory minimum penalty is 15 years in prison. <u>Id.</u>, § 924(e)(1).

assistance of counsel. Alston also filed five motions for leave to amend his § 2255 Motion. (Civ. Docs. 14, 16, 18, 19, 22.) The government responded to the § 2255 Motion (Civ. Doc. 5, Response to § 2255 Motion) and to the first four motions for leave to amend (Civ. Doc. 20, Response to Motions for Leave to Amend). Alston replied to the government's responses. (Civ. Doc. 6, Reply; Civ. Doc. 11, Amended Reply; Civ. Doc. 21, Motion to Reply to Government's Response to Motions for Leave to Amend.) Thus, the case is ripe for a decision.

Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[3], the Court has considered the need for an evidentiary hearing and determines that a hearing is unnecessary to resolve the motion. No evidentiary hearing is required because Alston's allegations are affirmatively contradicted by the record, patently frivolous, or even if the facts he alleges are true, he still would not be entitled to relief. Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015); see also Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[4]

---

[3]     Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

[4]     The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

## I.     Background

On June 20, 2013, a federal grand jury in the Middle District of Florida indicted Alston on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Crim. Doc. 1, Indictment.) The government moved for (and obtained) a warrant for Alston's arrest that same day. (Crim. Docs. 2, 3.) At the time, Alston was in the custody of the Florida Department of Corrections ("FDOC"). When he learned of the Indictment in September 2013, Alston requested that he be brought before the Court to address the charge under the Interstate Agreement on Detainers Act (IADA). (See Crim. Doc. 19, Motion to Dismiss Indictment ¶ 6.) The United States eventually brought Alston before the Court on June 30, 2014. (See Crim. Doc. 9, Minute Entry of Initial Appearance.)

Represented by the Federal Defender's Office, Alston moved to dismiss the Indictment based on a violation of his right to a speedy trial under the IADA. See Motion to Dismiss Indictment ¶¶ 13–14; (see also Crim. Doc. 8, Pro Se Motion to Dismiss). He argued that his right to a speedy trial was violated because more than 180 days passed between the government's receipt of his demand under the IADA and when he finally appeared before the Court. After a hearing on the motion (Crim. Doc. 34, Motion Hearing Transcript), the Court declined to dismiss the Indictment (Crim. Doc. 36, Report and Recommendation [R & R] on Motion to Dismiss; Crim. Doc. 38, Order Adopting R & R). The Court

reasoned that Alston's right to a speedy trial was not violated because, although the FDOC mailed a copy of Alston's IADA demand to the Bureau of Alcohol, Tobacco, and Firearms, a copy of the demand was not delivered to the United States Attorney and the Court. See R & R on Motion to Dismiss Indictment at 8–12. Because Alston's demand was not delivered to the proper authorities, the demand never triggered the requirement under Section 2, Article III of the IADA that Alston be brought to trial within 180 days of delivering the demand. Instead, Alston had the right to be tried within 120 days of his arrival in the Middle District of Florida (absent good cause shown), and that 120-day period had not expired. See id. at 11. Thus, the Court denied the Motion to Dismiss the Indictment. Order Adopting R & R (Crim. Doc. 38).

In June 2015, Alston (now represented by his third lawyer) pleaded guilty under a written Plea Agreement. (See Crim. Doc. 87, Plea Agreement; Crim. Doc. 123, Plea Transcript.) Alston admitted that in April 2013 in Palatka, Florida, he sold a pistol with a scratched-off serial number to a confidential source and an undercover detective for $150. Plea Transcript at 32–33. He also admitted that, before possessing the firearm, he had been convicted of three felonies (all in Florida): (1) the unlawful sale or delivery of a controlled substance in 2001; (2) the sale of cocaine within 1,000 feet of a place of worship or a convenience business in May 2008; and (3) the sale of cannabis within 1,000 feet of a public park in October 2008. Plea Agreement at 17–18; see also Plea

4

Tr. at 33–34. The Magistrate Judge who conducted the change-of-plea colloquy reported that "[a]fter cautioning and examining the defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowledgeable and voluntary, and that the offense charged is supported by an independent basis in fact containing each of the essential elements of such offense." (Crim. Doc. 89.) The Court accepted Alston's guilty plea and adjudicated him accordingly. (Crim. Doc. 96.)

Several months later, after moving to continue the sentencing hearing five times, Alston moved to withdraw his guilty plea. (Crim. Doc. 125, Motion to Withdraw Plea; Crim. Doc. 132, Supplemental Memorandum.) Alston alleged that his first attorney, Maurice Grant of the Federal Defender's Office, gave ineffective assistance by failing to adequately question a witness at the hearing on his Motion to Dismiss the Indictment and by failing to object to the Report and Recommendation on the Motion to Dismiss. Alston also argued that his second attorney, Wade Rolle, misadvised him that if he pleaded guilty he would be relieved of the condition of pretrial release confining him to home detention, freeing him to "work the streets" in an effort to earn a substantial assistance reduction. The Court rejected the Motion to Withdraw the guilty plea, explaining that the allegations against Mr. Grant did not affect the knowing and voluntary nature of the guilty plea and that the allegations against Mr. Rolle were refuted by the sworn statements Alston made during the change-of-

plea colloquy. (Crim. Doc. 134, Order Denying Motion to Withdraw Guilty Plea at 9–12.)

Alston appeared before the Court for sentencing on November 28, 2016. (Crim. Doc. 150, Sentencing Transcript.) A United States Probation Officer recommended that Alston qualified to be sentenced under the ACCA based on his prior convictions for the unlawful sale or delivery of a controlled substance, the sale of cocaine within 1,000 feet of a place of worship or convenience business, and the sale of cannabis within 1,000 feet of a public park. (Crim. Doc. 137, Presentence Investigation Report [PSR] ¶ 31.) According to the Probation Officer, Alston's guidelines sentencing range was 235 to 293 months in prison, based on a total offense level of 33 and a Criminal History Category of VI. Id. ¶ 107. Alston objected to the ACCA enhancement, arguing that the prior conviction for the sale of cannabis within 1,000 feet of a public park should not count as his third "serious drug offense." Sentencing Tr. at 3–4. The Court overruled that objection and determined Alston qualified to be sentenced under the ACCA. Id. at 8–13. After addressing other objections, the Court accepted the government's recommendation to impose the mandatory minimum sentence of 180 months (15 years) in prison, followed by five years of supervised release. See id. at 21–25; (Crim. Doc. 144, Judgment).

Alston appealed his conviction and sentence. His appellate attorney moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738

(1967). On August 18, 2017, after an independent review of the record, the Eleventh Circuit Court of Appeals determined there were no arguable issues of merit and affirmed Alston's conviction and sentence. United States v. Alston, 696 F. App'x 479, 480 (11th Cir. 2017).

Alston did not petition the Supreme Court for certiorari review. As a result, his conviction and sentence became final 90 days later, on November 16, 2017, when the time to petition for a writ of certiorari expired. See Clay v. United States, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Under 28 U.S.C. § 2255(f)(1), Alston had until November 16, 2018, to move to vacate his sentence.

## II.    Alston's Post-Conviction Filings

In June 2018, Alston filed a one-page motion for the appointment of counsel (Crim. Doc. 155, First Motion to Appoint Counsel) and a one-page motion to extend the deadline to move to vacate his sentence under § 2255 (Crim. Doc. 156, Motion for Extension). In the Motion for Extension, Alston said only that his appellate attorney had filed an Anders brief, that the deadline to file a § 2255 motion was "coming up on August 18, 2018," that he had "issues he's seeking to raise," and that he "needs more time [and] counsel representation [sic]." Id. The Court denied the two motions in a written order

entered on June 22, 2018. (Crim. Doc. 157, Order of June 22, 2018.)

Alston filed nothing again with the Court until March 2020, when he renewed his motion to appoint counsel. (Crim. Doc. 159, Second Motion to Appoint Counsel.) This time, he sought relief based on <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019), alleged violations of his Fifth Amendment right to due process and his Sixth Amendment right to a speedy trial, argued that his plea was involuntary and his counsel was ineffective, and also complained about the unfairness of the hearing on his Motion to Dismiss the Indictment. The Court denied the motion. (Crim. Doc. 161.)

Meanwhile, Alston applied to the Eleventh Circuit for permission to file a second or successive § 2255 motion, which the Eleventh Circuit denied as unnecessary because he had not yet filed any § 2255 motion. (Crim. Doc. 160, USCA Order.) Alston filed two more motions to appoint counsel in April 2020 (Crim. Docs. 162, 163), which the Court denied without prejudice in a single order (Crim. Doc. 164). Alston appealed that order, but the Eleventh Circuit dismissed the appeal because the order denying appointment of counsel was not a final, appealable order. (Crim. Doc. 168, USCA Order Dismissing Appeal.)

Finally, on July 19, 2021[5], Alston filed the Motion seeking a release from custody, which the Court later construed as a § 2255 Motion under <u>Castro</u>, 540

---

[5]    <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (prison mailbox rule).

U.S. 375. (Civ. Doc. 1 at 8; Crim. Doc. 171 at 8.) In the construed § 2255 Motion, Alston contends that: (1) his conviction violates the Fifth Amendment's Due Process Clause because on January 8, 2014—seven months after he was indicted—the case number changed without him being notified of the new case number and without the Indictment being resubmitted to a grand jury[6]; (2) his Sixth Amendment right to a speedy trial was violated because the Court did not bring him to trial within 180 days of him submitting a demand under the IADA; (3) the hearing on his Motion to Dismiss the Indictment was unfair because his attorney was ineffective, a government witness gave false testimony, the prosecutor suborned perjury, the government withheld evidence, there was judicial misconduct, a Rule 11 violation occurred, and the ruling was incorrect; and (4) his sentence and detention are unlawful "because the Case [Number] he is sentenced under is incorrect and invalid." § 2255 Motion at 1–6. As relief, Alston seeks release from custody and compensation for his alleged wrongful

---

[6]     The case number itself (3:13-cr-124) did not change. However, the judge code in the case number did change. Prior to January 8, 2014, in light of a judicial vacancy on the Court, this case was on an unassigned docket presided over by the undersigned. This assignment was reflected in the judge code 3:13-cr-124-99MMH-MCR (see Crim. Doc. 1, Indictment). On January 8, 2014, with the appointment of a new district judge, the Court eliminated the unassigned docket and criminal cases on that docket were placed on the docket of the judge that had been presiding over the case while it was on the unassigned docket. As such, the judge code for the case was updated from 99MMH (unassigned MMH) to J-34 – 3:13-cr-124-J-34MCR (the undersigned being the judge identified by judge code "J-34"). Importantly, the charge in the Indictment did not change.

imprisonment.[7] The government responds that the § 2255 Motion is untimely because Alston filed it over a year after his conviction and sentence became final, and that he attempts to relitigate the speedy trial matter. <u>See</u> Response to § 2255 Motion at 3–4.

Alston then filed five motions for leave to amend the claims he raises here. First, on July 13, 2022, he moved for leave to amend his § 2255 Motion to add claims that he is entitled to relief from his ACCA sentence based on the new rules of law announced in <u>United States v. Jackson</u>, 36 F.4th 1294 (11th Cir.) ("<u>Jackson I</u>"), <u>superseded by</u> 55 F.4th 846 (11th Cir. 2022) ("<u>Jackson II</u>"), and <u>Williams v. United States</u>, 142 S. Ct. 1439 (2022) (Mem.), and that he is entitled to relief from his conviction based on the new rule of law announced in <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019), <u>United States v. Minor</u>, 31 F.4th 9 (1st Cir. 2022) ("<u>Minor I</u>"), <u>superseded by</u> —— F.4th ——, 2023 WL 2624174 (1st Cir. Mar. 24, 2023) (en banc) ("<u>Minor II</u>"), and <u>Seabrooks v. United States</u>, 32 F.4th 1375 (11th Cir. 2022). (Civ. Doc. 14, First Motion for Leave to Amend.) Second, on August 7, 2022, he moved for leave to amend his § 2255 Motion to add a claim for relief from his conviction based on the Fourth Circuit's decision in <u>United States v. Heyward</u>, 42 F.4th 460 (4th Cir. 2022). (Civ. Doc. 16, Second

---

[7]     Monetary compensation is not an available remedy under § 2255. If a petitioner shows that his sentence is unlawful, the only available remedies are for the Court to "vacate and set the judgment aside" and (1) "discharge the prisoner," (2) "resentence him," or (3) "grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Motion for Leave to Amend.) Third, on August 22, 2022, Alston moved for leave to amend his § 2255 Motion to add claims that his conviction is unlawful and his § 2255 Motion is timely because: (1) the Court violated his Sixth Amendment right to counsel by denying his First Motion to Appoint Counsel in June 2018; (2) the Court violated his Fifth Amendment right to due process by denying his Motion for Extension of the deadline to file a § 2255 Motion; and (3) Alston was never informed about when § 2255(f)'s limitations period would expire. (Civ. Doc. 18, Third Motion for Leave to Amend.) Fourth, also on August 22, 2022, Alston moved for leave to amend his Reply to the government's Response to the § 2255 Motion, raising substantially the same arguments as set forth in his Third Motion for Leave to Amend. (Civ. Doc. 19, Fourth Motion for Leave to Amend.) Finally, on December 6, 2022, Alston moved for leave to submit "newly discovered evidence" pertaining to the change in his case number and his IADA demand. (Civ. Doc. 22, Fifth Motion for Leave to Amend.)

The government responded to the first four motions for leave to amend. The government argues that the first two motions "simply cite court cases and claim that Alston is entitled to the same relief" without providing any "support or analysis as to why or how he is entitled to relief." Response to Motions for Leave to Amend at 1. The government argues that Alston's attempt to raise a claim based on Rehaif is time-barred because Rehaif was decided over a year before Alston filed the First Motion for Leave to Amend, and that Alston's claim

based on <u>Rehaif</u> (and related decisions in <u>Heyward</u>, <u>Minor I</u>, and <u>Seabrooks</u>) fails on the merits anyway. <u>Id.</u> at 1–3. The government also argues that <u>Jackson I</u> did not extend the limitations period under 28 U.S.C. § 2255(f)(3) because it was an Eleventh Circuit decision rather than a Supreme Court decision, and that Alston's claim relying on <u>Jackson I</u> would fail on the merits anyway. <u>Id.</u> at 3–4. Next, the government turns to Alston's argument based on <u>Williams</u>. <u>Id.</u> at 4–5. In doing so, the government construes Alston's reference to <u>Williams</u> as asserting an argument based on <u>Wooden v. United States</u>, 142 S. Ct. 1063 (2022), but asserts that <u>Wooden</u> "[a]rguably … did not create a newly recognized right," and "regardless, Alston's [ACCA] qualifying convictions were committed on occasions different from one another." <u>Id.</u> at 5. Responding to the Third and Fourth Motions for Leave to Amend, the government argues that Alston's contentions are meritless and urges the Court to deny the motions. <u>Id.</u> at 5–6. The Court did not order the government to respond to the Fifth Motion for Leave to Amend.

### III.  Discussion

Under Title 28, United States Code, § 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits collateral relief on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum

authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C § 2255(a). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184–86 (1979); Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) ("[A] district court lacks the authority to review the alleged error unless the claimed error constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." (internal quotation marks omitted)).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal prisoner may move to vacate, set aside, or correct his sentence within a one-year limitations period. 28 U.S.C. § 2255(f). The limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The statute of limitations applies on a claim-by-claim basis. Zack v. Tucker,

704 F.3d 917, 918 (11th Cir. 2013). "Typically, the applicable triggering date is 'the date on which the judgment of conviction becomes final.'" <u>Beeman v. United States</u>, 871 F.3d 1215, 1219 (11th Cir. 2017) (quoting 28 U.S.C. § 2255(f)(1)). Thus, the alternative trigger dates under §§ 2255(f)(2)–(4) tend to be the exception.

A § 2255 movant "bears the burden to prove the claims in his § 2255 motion." <u>Rivers v. United States</u>, 777 F.3d 1306, 1316 (11th Cir. 2015); <u>see also</u> <u>Beeman</u>, 871 F.3d at 1221–22 (11th Cir. 2017). Moreover, a § 2255 movant is not entitled to a hearing, much less relief, "when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted).

## A. The Construed § 2255 Motion

Alston's § 2255 Motion is time-barred under AEDPA's statute of limitations. In the § 2255 Motion (construed from his motion for release from custody), Alston challenges his conviction and sentence based on a change in his case number, the alleged violation of his right to a speedy trial, allegations about the unfairness of the hearing on his Motion to Dismiss the Indictment (due to the ineffective assistance of counsel and prosecutorial misconduct), and the validity of his sentence because of the change in the case number. <u>See generally</u> § 2255 Motion. Each of these claims centers on facts that occurred in

2013 or 2014. Under the mailbox rule, Alston filed the § 2255 Motion on July 19, 2021. <u>See</u> <u>id.</u> at 8. However, his conviction and sentence became final more than three years earlier, on November 16, 2017, when the 90-day period to file a certiorari petition expired. <u>See</u> <u>Clay</u>, 537 U.S. at 525. As a result, the § 2255 Motion is untimely under § 2255(f)(1). Alston does not identify in the § 2255 Motion any impediment caused by government action that prevented him from timely filing, § 2255(f)(2), a right that was newly recognized by the Supreme Court and made retroactively applicable on collateral review, § 2255(f)(3), or newly discovered facts supporting the claims that could not have been discovered earlier through the exercise of due diligence, § 2255(f)(4).

In his Reply, Alston argues that the § 2255 Motion should not be time-barred because he demonstrated "Constitutional Rights Violation[s]," "Newly Discovered Evidence," and "Subject Matter Jurisdictional Violation." Reply (Civ. Doc. 6) at 2. He does not elaborate on these assertions. In his Amended Reply, Alston asserts that the § 2255 Motion was filed outside the one-year limitations period because he had "just recently discovered[,] through due diligence, the facts supporting this claim," and that he was providing "his affidavit and other exhibits as newly discovered evidence." Amended Reply (Civ. Doc. 11) at 2. But Alston did not attach any affidavit or exhibits. Assuming that the exhibits he meant to attach were those included in the Fifth Motion for Leave to Amend (Civ. Doc. 22; Civ. Docs. 22-1 through 22-5), those documents

are several years old and Alston fails to explain why he could not have discovered them earlier with due diligence. Thus, Alston's vague and conclusory arguments are inadequate for him to meet his "burden to show that he filed his [§ 2255] motion within one of the four one-year limitation periods." <u>Harris v. United States</u>, 737 F. App'x 974, 976 (11th Cir. 2018) (citing <u>Rivers</u>, 777 F.3d at 1316 (holding that the movant has the burden of proving his entitlement to relief in a § 2255 proceeding)). And none of Alston's conclusory arguments is sufficient to equitably toll the limitations period or to invoke the actual innocence exception.[8]

Alston also suggests that the § 2255 Motion is timely, or that the statute of limitations does not apply, because the Court lacked subject matter

---

[8]     AEDPA's statute of limitations is subject to equitable tolling, but it "is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" <u>Cadet v. Fla. Dept. of Corr.</u>, 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting <u>Hunter v. Ferrell</u>, 587 F.3d 1304, 1308 (11th Cir. 2009)). "To warrant that extraordinary remedy, a petitioner must demonstrate '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" <u>Id.</u> (quoting <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010)). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." <u>San Martin v. McNeil</u>, 633 F.3d 1257, 1268 (11th Cir. 2011). Alston's allegations fail to show (1) that he was pursuing his rights diligently or (2) that an "extraordinary circumstance" prevented him from timely filing.
       Additionally, AEDPA's statute of limitations can be overcome under the miscarriage of justice (or actual innocence) exception. <u>McQuiggin v. Perkins</u>, 569 U.S. 383, 386 (2013). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, ... a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" <u>Id.</u> at 399 (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)). The new evidence must be "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324. Alston neither invokes the actual innocence exception nor points to the requisite new reliable evidence.

jurisdiction over the charges brought against him. Reply at 2. True, challenges to a court's subject matter jurisdiction cannot be waived or procedurally defaulted. United States v. Peter, 310 F.3d 709, 712–13 (11th Cir. 2002). But that does not mean that a jurisdictional challenge cannot be time-barred. Courts have "uniformly rejected" the contention that jurisdictional challenges are exempt from AEDPA's statute of limitations. Wallace v. United States, 981 F. Supp. 2d 1160, 1166 (N.D. Ala. 2013) (internal quotation marks and citation omitted) (collecting cases); see also Barreto-Barreto v. United States, 551 F.3d 95, 100 (1st Cir. 2008) (jurisdictional challenges "are not exempt from § 2255's filing deadline"). "The habeas statute specifically includes jurisdictional challenges in its enumeration of grounds for relief from sentence that may be asserted under § 2255." Williams v. United States, 383 F. App'x 927, 929 (11th Cir. 2010); see also 28 U.S.C. § 2255(a) ("A [federal] prisoner in custody ... claiming the right to be released upon the ground that ... the court was without jurisdiction to impose such sentence ... may move the court [for relief]."). Nevertheless, Congress imposed a one-year statute of limitations on all motions to vacate. 28 U.S.C. § 2255(f). "Nothing in the statutory language suggests that jurisdictional challenges are exempt from the one-year limitations period that applies to 'a motion under this section.'" Williams, 383 F. App'x at 929–30 (quoting § 2255(f)). Thus, Alston cannot avoid the statute of limitations by

asserting a jurisdictional defect.[9]

Alston's contention that the statute of limitations does not apply because his claims are based on constitutional violations is equally unavailing. As with jurisdictional claims, constitutional claims are among the grounds for relief listed under § 2255(a), yet Congress imposed a one-year limitations period without suggesting that constitutional claims are exempt from the statute of limitations, see § 2255(f).

Last, Alston asserts that his § 2255 Motion is timely because of "Newly Discovered Evidence," but the facts supporting the claims in the § 2255 Motion were known or available to Alston when his conviction and sentence became final, if not before then. Indeed, in his Second Motion to Appoint Counsel, filed in March 2020, Alston outlined the same claims that are in his § 2255 Motion. (Crim. Doc. 159). Although the Second Motion to Appoint Counsel itself was filed outside the limitations period, Alston filed it more than a year before he filed the § 2255 Motion, showing he has long been aware of the facts allegedly supporting his claims. Alston fails to show that he could not have discovered

---

[9]      Alston's jurisdictional claim is meritless. "So long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an 'offense against the laws of the United States' and, thereby, invokes the district court's subject-matter jurisdiction." United States v. Brown, 752 F.3d 1344, 1354 (11th Cir. 2014) (citation omitted). The Indictment charged Alston with violating 18 U.S.C. §§ 922(g)(1) and 924(e)—valid federal criminal statutes enacted in the United States Code—by unlawfully possessing a firearm as a convicted felon. (Crim. Doc. 1.) So the Indictment did all that was necessary to invoke the Court's subject matter jurisdiction.

the facts earlier through due diligence, see § 2255(f)(4), or that his "Newly Discovered Evidence" is the type of "new reliable evidence" that likely would prevent any reasonable juror from convicting him for purposes of the actual innocence exception (especially considering that he pleaded guilty), see Schlup, 513 U.S. at 324, 327.

In his Third and Fourth Motions for Leave to Amend, Alston suggests another reason why his § 2255 Motion should be considered timely. He argues that he is a layman in the law, that the Court did not appoint counsel despite his requests, that he did not know when the limitations period expired, and that when the Court denied his Motion for Extension in June 2018, the Court did not inform him he was still within § 2255(f)'s one-year limitations period. Third Motion for Leave to Amend (Civ. Doc. 18) at 2; Fourth Motion for Leave to Amend (Civ. Doc. 19) at 2. The Court construes this argument as a request to invoke equitable tolling. To warrant that "rare" and "extraordinary remedy," Alston "must demonstrate '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Cadet, 853 F.3d at 1221 (quoting Holland, 560 U.S. at 649). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." San Martin, 633 F.3d at 1268.

Being pro se, untrained in the law, and unrepresented by counsel is not an "extraordinary circumstance" that prevents timely filing; if anything, it is

19

the norm for § 2255 movants, most of whom manage to timely file their motions. Indeed, the Eleventh Circuit has unequivocally stated "we have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (citing Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005) (stating in the context of a § 2255 proceeding that lack of an education was no excuse for delayed efforts to vacate a state conviction)). Rather, pro se litigants "are deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007).

Nor can Alston fault the Court for his § 2255 Motion being untimely because the Court did not tell him whether he was still within AEDPA's limitations period when it denied his June 2018 Motion for Extension of § 2255(f)'s deadline. "District judges have no obligation to act as counsel or paralegal to pro se litigants," and "[r]equiring district courts to advise a pro se litigant [about statute-of-limitations calculations] would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004). Moreover, when Alston filed the Motion for Extension, he believed he had two more months to move for relief, stating that the deadline to file a § 2255 motion was "coming up on August 18, 2018." Motion for Extension at 1. He was mistaken in his calculation, but only in that he thought the deadline was three months earlier than it actually was. Nevertheless, despite his own belief that

20

the deadline to file a § 2255 motion was August 18, 2018, Alston filed nothing again in this Court until March 2020, and he failed to file anything resembling a § 2255 motion until July 2021, which precludes a finding of due diligence. Thus, Alston fails to show that he can benefit from equitable tolling to save his § 2255 Motion.

### B. First Motion for Leave to Amend (Civ. Doc. 14)

On July 13, 2022, Alston moved for leave to amend his § 2255 Motion to add a claim for relief based on the Supreme Court's decision in Rehaif, 139 S. Ct. 2191, and two appeals court decisions applying Rehaif: Minor I, 31 F.4th 9, superseded by Minor II, —— F.4th ——, 2023 WL 2624174, and Seabrooks, 32 F.4th 1375. Alston also seeks to add a claim for relief from his ACCA sentence based on the Eleventh Circuit's decision in Jackson I, 36 F.4th 1294, superseded by Jackson II, 55 F.4th 846, and the Supreme Court's memorandum decision in Williams, 142 S. Ct. 1439 (granting writ of certiorari, vacating the judgment below, and remanding based upon the decision in Wooden, 142 S. Ct. 1063).

Under Rule 15 of the Federal Rules of Civil Procedure ("Rule(s)"), if more than 21 days have passed since service of the initial pleading or since service of a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. That said, a district court may deny leave to amend if it would be futile, such as when an amended claim

would be subject to dismissal under a statute of limitations. <u>Boyd v. Warden, Holman Corr. Facility</u>, 856 F.3d 853, 864 (11th Cir. 2017); <u>see also</u> <u>Oliveiri v. United States</u>, 717 F. App'x 966, 967 (11th Cir. 2018) ("[G]ranting leave to amend would have been futile because the new claim was untimely and did not 'relate back' to the two claims that he initially (and timely) presented in his § 2255 motion.").[10]

### 1. *Rehaif, Seabrooks, and Minor I*

On June 21, 2019, the Supreme Court decided <u>Rehaif</u>, where it held that to convict a defendant of unlawful possession of a firearm, the government must prove not only "that the defendant knew he possessed a firearm," but also that he knew he belonged to one of the nine categories of persons that § 922(g) prohibits from possessing a firearm. 139 S. Ct. at 2194, 2200. The Supreme Court reasoned that since § 924(a)(2) provides that anyone who "knowingly violates" § 922(g) will be fined or imprisoned for up to 10 years, the word "knowingly" applies to both the status element and the possession element. <u>Id.</u> at 2194, 2195–96. In so holding, the Supreme Court overturned the law of the Eleventh Circuit (and several other circuits), which had held that the government did not have to prove the defendant knew of his prohibited status.

---

[10]     Because the claims in the initial § 2255 Motion are untimely, it is unnecessary to consider whether the claims in the motions for leave to amend relate back to the original pleading under Rule 15(c). <u>See</u> <u>Mayle v. Felix</u>, 545 U.S. 644, 657 (2005) (observing with approval that most courts "allow relation back only when the claims added by amendment arise from the same core facts <u>as the timely filed claims</u>...." (emphasis added)).

See, e.g., United States v. Jackson, 120 F.3d 1226, 1229 (11th Cir. 1997).

In Seabrooks, the Eleventh Circuit concluded that Rehaif announced a new substantive rule of law that applies retroactively on collateral review to initial § 2255 motions. Seabrooks, 32 F.4th at 1383. In that case, the Eleventh Circuit vacated Seabrooks's conviction for possession of a firearm by a convicted felon, evidently on an aiding-and-abetting theory, because at trial the government failed to present evidence that Seabrooks knew that the person he helped possess a firearm was a felon and the evidence of principal liability was weak. Id. at 1384–85. And in Minor I, the First Circuit applied Rehaif to vacate the conviction of a defendant found guilty under § 922(g)(9) of unlawful possession of a firearm by a person convicted of a "misdemeanor crime of domestic violence." There, the state prosecutor in the prior misdemeanor case allegedly misadvised the defendant he could still possess a firearm if he pleaded guilty to simple assault. Minor I, 31 F.4th at 12–13. With some modifications, the en banc First Circuit reached the same conclusion on rehearing. Minor II, ——— F.4th ———, 2023 WL 2624174, at *1.

Because, in Rehaif, the Supreme Court announced a new rule of law "made retroactively applicable to cases on collateral review," Rehaif is the type of decision that can extend the one-year limitations period under 28 U.S.C. § 2255(f)(3). But Alston did not file the First Motion for Leave to Amend until July 13, 2022, over three years after Rehaif was decided. Thus, his Rehaif claim

is untimely. And while Alston filed the First Motion for Leave to Amend within a year of <u>Seabrooks</u> and <u>Minor I</u> being decided, those are appeals court decisions, which unlike Supreme Court decisions do not extend the limitations period under § 2255(f)(3). Under these circumstances, Alston's proposed challenge to his conviction based on <u>Rehaif</u>, <u>Seabrooks</u>, and <u>Minor I</u> is untimely.[11]

In any event, a challenge to Alston's § 922(g) conviction based on <u>Rehaif</u> (or <u>Seabrooks</u> and <u>Minor I</u>) lacks merit. A <u>Rehaif</u> error—such as an indictment's failure to allege that the defendant knew he was a convicted felon, or a plea colloquy's failure to advise a defendant that knowledge of his status as a felon is an element of violating § 922(g)(1)—is a nonstructural error subject to plain error or harmless error review. <u>Greer v. United States</u>, 141 S. Ct. 2090, 2099–2100 (2021) (holding that unpreserved <u>Rehaif</u> errors are subject to plain-error review on direct appeal); <u>Seabrooks</u>, 32 F.4th at 1384–85 (applying harmless error standard to <u>Rehaif</u> claim on collateral review).

> On collateral review, the harmless error standard mandates that "relief is proper only if the ... court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict. There must be more than a reasonable possibility that the error was harmful." <u>Davis v. Ayala</u>, 576 U.S. 257,

---

[11]    Alston referenced <u>Rehaif</u> in his Second Motion to Appoint Counsel (Crim. Doc. 159), filed in March 2020, less than a year after <u>Rehaif</u> was decided. Although the Second Motion to Appoint Counsel did not appear to contain allegations sufficient to warrant construing it as a § 2255 motion, even if the Court should have done so, the <u>Rehaif</u> claim fails on the merits. And the other claims raised in the Second Motion to Appoint Counsel, which match those in the construed § 2255 Motion, still would have been untimely.

> 267–68, 135 S. Ct. 2187, 192 L.Ed.2d 323 (2015) (internal quotation
> marks and citations omitted); <u>Ross v. United States</u>, 289 F.3d 677, 682
> (11th Cir. 2002) (per curiam) (applying this standard to a § 2255 motion).
> Put another way, the court may order relief only if the error "resulted in
> actual prejudice." [<u>Brecht</u>, 507 U.S. at 637] (internal quotation marks
> and citation omitted).

<u>Granda v. United States</u>, 990 F.3d 1272, 1292 (11th Cir. 2021). The burden of proving in a collateral proceeding that an error caused "actual prejudice" is greater than the showing required to establish plain error on direct appeal. <u>United States v. Frady</u>, 456 U.S. 152, 166 (1982).

Alston does not allege, let alone point to any evidence suggesting, that he did not know he was a convicted felon when he possessed the firearm, or that he would not have pleaded guilty had he known that knowledge-of-status was an element of the crime to which he was pleading guilty. Alston has never disputed he was a three-time convicted felon and has never suggested that, when he possessed the gun, he did not know he had been convicted of an offense punishable by more than one year in prison. In addition, "circumstantial evidence establishes that [Alston] knew of his felon status." <u>United States v. Innocent</u>, 977 F.3d 1077, 1082 (11th Cir. 2020) (internal citation omitted). To begin with, Alston admitted he was a felon. Plea Tr. at 33–34. "If a person is a felon, he ordinarily knows he is a felon," a "simple truth [that] is not lost on juries" or defendants. <u>Greer</u>, 141 S. Ct. at 2097. Second, Alston had been convicted of three felonies before he possessed the firearm. "[S]omeone who has been convicted of felonies repeatedly is especially likely to know he is a felon."

Innocent, 977 F.3d at 1082 (citation omitted). Third, "serving more than a year in prison provides circumstantial evidence of knowledge of felon status." Id. at 1083 (citations omitted). Alston served nearly five years in prison for his 2001 conviction for the unlawful sale or delivery of a controlled substance, PSR ¶ 39, and he spent nearly two years in prison for his 2008 convictions for the sale of cocaine within 1,000 feet of a place of worship or convenience business and the sale of cannabis within 1,000 feet of a public park, id. ¶¶ 47, 48. Alston was released from the latter term of imprisonment in 2010, only three years before he possessed the firearm in this case. Fourth, Alston "behaved in a way that suggested he knew he was not allowed to possess a gun." Innocent, 977 F.3d at 1083. Alston sold a gun with a scratched-off serial number in a hand-to-hand cash transaction, which suggested he knew he could not lawfully sell or possess a firearm. See Plea Tr. at 32. Here, as in United States v. McClellan, 958 F.3d 1110, 1119 (11th Cir. 2020), "it would be implausible for the defendant to not have been aware of his felony status." Upon consideration of the arguments and the record, Alston fails to make a showing that any Rehaif error in his Indictment or plea colloquy had a "substantial and injurious effect or influence" on the outcome of his case. Granda, 990 F.3d at 1292. In sum, any claim based on Rehaif (or its progeny) is meritless as well as untimely.

## 2. *Jackson I* and *Williams/Wooden*

Alston also seeks to add a challenge to his ACCA sentence based on the Eleventh Circuit's decision in Jackson I, 36 F.4th 1294, and the Supreme Court's memorandum opinion in Williams, 142 S. Ct. 1439, which applied the Court's decision in Wooden, 142 S. Ct. 1063. This Court construes Alston's reliance on Williams as an effort to challenge his ACCA sentence based on Wooden.

In Jackson I, 36 F.4th 1294, and its successor, Jackson II, 55 F.4th 846, the Eleventh Circuit addressed this question: "which version of the [federal] controlled-substances list [does] ACCA's definition of 'serious drug offense' incorporate[]: the one in effect when the defendant violated 18 U.S.C. § 922(g)(1) (the 'firearm offense') or the one in effect when the defendant was convicted of his prior state drug offense." Jackson II, 55 F.4th at 849. Relevant to those decisions, the United States Attorney General removed ioflupane (a cocaine analogue) from the list of federally controlled substances in September 2015, but cocaine-related convictions under Florida law encompassed ioflupane until July 1, 2017. In Jackson I, the Eleventh Circuit held that due process requires courts to "use the iteration of the Controlled Substances Act Schedules incorporated into [18 U.S.C.] § 924(e)(2)(A)(ii)'s definition of 'serious drug offense' in effect when [the defendant] possessed the firearm that undergirds his federal conviction pending before us." Jackson I, 36 F.4th at 1300. But the

27

court later vacated the Jackson I panel opinion and replaced it with the Jackson II opinion, 55 F.4th 846. In Jackson II, the Eleventh Circuit held that "the Supreme Court's reasoning in McNeill[ v. United States, 563 U.S. 816 (2011),] requires us to read ACCA's definition of a 'serious drug offense' under state law to incorporate the version of the federal controlled-substances schedules in effect when [the defendant] was convicted of his prior state drug offenses." Jackson II, 55 F.4th at 855.

Neither Jackson I nor Jackson II is a Supreme Court decision that applies retroactively on collateral review. As a result, neither Jackson I nor Jackson II extends the one-year limitations period under 28 U.S.C. § 2255(f)(3).[12]

Alston's reliance on either Williams or Wooden is similarly unavailing. In Wooden, the Supreme Court vacated the sentence of a defendant who was sentenced under the ACCA based on ten prior burglary convictions, which resulted from breaking into ten storage units inside the same building, one right after the other, on the same evening. 142 S. Ct. at 1067. In doing so, the Supreme Court rejected a lower court's holding that the ACCA's different-occasions provision was satisfied whenever crimes occurred sequentially

---

[12]    And regardless, neither Jackson I nor Jackson II would support a grant of collateral relief in this case. Alston admitted that he unlawfully possessed a firearm in 2013, two years before the United States Attorney General removed ioflupane from the federal controlled substance schedules. He also admitted that his prior Florida convictions for the sale or delivery of cocaine occurred in 2001 and 2008, long before ioflupane was removed from the federal controlled substance schedules. So under either Jackson I or Jackson II, Alston would not be entitled to relief from his ACCA sentence.

instead of simultaneously. Id. at 1068. Rather, the Supreme Court held that an inquiry into whether prior offenses occurred on separate occasions is multi-factored and requires considering the timing, location, character, and relationship of the offenses. Id. at 1070–71.

Wooden does not extend the limitations period under § 2255(f)(3) because it did not announce a newly recognized right. See 28 U.S.C. § 2255(f)(3). Instead, in Wooden the Supreme Court merely clarified the proper application of the ACCA's different-occasions clause. As Justice Gorsuch wrote in his concurring opinion, joined by Justice Sotomayor, "[w]e took this case hoping to bring some clarity to at least this particular corner of the ACCA." Wooden, 142 S. Ct. at 1079 (Gorsuch, J., concurring). Because nothing in Wooden broke new ground, Wooden "did not announce a new rule—its holding merely clarified existing precedent." Beeman, 871 F.3d at 1220 (internal quotation marks and citation omitted). And as the Eleventh Circuit has said before, "if the decision merely clarifies an old rule, the petitioner will not be able to take advantage of the extended statute of limitations under § 2255, which requires a newly recognized right by the Supreme Court." Id. (cleaned up) (quoting Figuereo-Sanchez v. United States, 678 F.3d 1203, 1207 n.4 (11th Cir. 2012)). "As a result, a § 2255 movant wishing to raise a [Wooden] claim cannot rely on subsection (f)(3) as the starting point for the calculation of the limitations period." Id.

Besides, the record unequivocally establishes that each of Alston's ACCA-qualifying offenses were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Alston committed the first offense—the unlawful sale or delivery of a controlled substance (cocaine)—on January 11, 2000. PSR ¶ 39; Gov't Sentencing Ex. 1 (Crim. Doc. 143-1). He committed the second offense—the sale of cocaine within 1,000 feet of a place of worship or convenience business—on July 26, 2007. PSR ¶ 47; Gov't Sentencing Ex. 2 (Crim. Doc. 143-2). And he committed the third offense—the sale of cannabis within 1,000 feet of a public park—nearly eight months later, on March 19, 2008. PSR ¶ 48; Gov't Sentencing Ex. 3 (Crim. Doc. 143-3). Because months or years separated the commission of each of Alston's ACCA-qualifying offenses, they were committed on separate occasions. See United States v. Pope, 132 F.3d 684, 690 (11th Cir. 1998) ("Distinctions in time and place are usually sufficient to separate criminal episodes from one another."). Wooden offers Alston no basis for relief.

For all of the foregoing reasons, each claim Alston seeks to raise in the First Motion for Leave to Amend is untimely and meritless. As a result, the Court will deny the First Motion for Leave to Amend as futile.

### C. Second Motion for Leave to Amend (Civ. Doc. 16)

In the Second Motion for Leave to Amend, Alston seeks to add a challenge to his conviction based on the Fourth Circuit's decision in United States v. Heyward, 42 F.4th 460 (4th Cir. 2022). In Heyward, the Fourth Circuit applied

Rehaif to vacate the conviction of a man who had pleaded guilty to possession of a firearm by a convicted felon. The court described Heyward as "the rare defendant who can make the 'difficult' showing that, had he been properly advised, 'there is a reasonable probability that he would not have pled guilty.'" Id. at 464 (quoting Greer, 141 S. Ct. at 2097). Although Heyward had previously pleaded guilty to possession of cocaine and carrying a pistol, he did not know those were crimes punishable by more than a year in prison because the prior convictions had been labeled misdemeanors and he was sentenced to only six months' probation for them. See id. at 467–68.

The decision in Heyward, like those in Minor I and Seabrooks, cannot extend the limitations period under 28 U.S.C. § 2255(f)(3) because none of these cases is a Supreme Court decision. Thus, any claim based on Heyward is not timely. Moreover, Alston's case differs from Heyward because Alston fails to show he was unaware of his status as a felon when he possessed the firearm. As a result, he has not shown that any Rehaif error had a "substantial and injurious effect or influence" on the outcome. Granda, 990 F.3d at 1292. The Second Motion for Leave to Amend will be denied as futile.

### D. Third and Fourth Motions for Leave to Amend (Civ. Docs. 18 and 19)

Next, Alston moves for leave to amend his § 2255 Motion and Reply to raise claims based on the Court's June 2018 Order denying his First Motion to

Appoint Counsel and Motion for Extension of time to file a § 2255 motion. <u>See</u> Third Motion for Leave to Amend (Civ. Doc. 18); Fourth Motion for Leave to Amend (Civ. Doc. 19); <u>see also</u> Order of June 22, 2018 (Crim. Doc. 157). He argues that the Court's decision denied him his right to counsel under the Sixth Amendment, violated his right to due process under the Fifth Amendment, renders his conviction unlawful, and renders his § 2255 Motion timely. He also contends that the Court should have advised him, when it denied the motions in June 2018, that he was still within § 2255(f)'s limitations period.

Alston filed the Third and Fourth Motions for Leave to Amend on August 22, 2022, over four years after entry of the Order he now seeks to challenge. Following entry of the Court's Order of June 22, 2018, Alston filed nothing on this Court's docket until March 2020 (one year and nine months later), when he renewed his motion to appoint counsel. And Alston did not file the Third and Fourth Motions for Leave to Amend until over a year after he filed the construed § 2255 Motion. Alston's unexplained delay in filing the Third and Fourth Motions for Leave to Amend is reason alone to deny them. Moreover, Alston's claims bear no relation to the validity of his conviction and sentence. When the Court denied his First Motion to Appoint Counsel and Motion for Extension of time to file a § 2255 motion in June 2018, his conviction and sentence had long since become final.

Alston's assertions also lack substantive merit. Contrary to his argument, the Sixth Amendment does not guarantee a right to counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today." (internal citation omitted)). So the Court's denial of Alston's request to appoint a lawyer to represent him in these collateral proceedings could not have violated his Sixth Amendment right to counsel. Nor could the Court have extended the deadline to file a § 2255 motion in June 2018, where Alston had not yet filed anything that could fairly be construed as a § 2255 motion. Order of June 22, 2018 at 1–2; see also United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (holding that a district court lacks jurisdiction to consider a request for an extension of time to file a § 2255 motion until the prisoner actually files such a motion); Swichkow v. United States, 565 F. App'x 840, 843–44 (11th Cir. 2014) (adopting the holding and reasoning of Leon). Thus, Alston fails to show his rights were violated.

Also, contrary to his argument, Alston was not entitled to have the Court advise him whether he was still within the deadline to file a § 2255 motion, as he now claims. "District judges have no obligation to act as counsel or paralegal to pro se litigants," and it would "undermine district judges' role as impartial decisionmakers" to advise litigants about the statute of limitations calculation.

Pliler, 542 U.S. at 231. And as the Court explained in Section III.A, Alston's ignorance of the law and lack of representation does not support equitable tolling.

For the reasons above, the Third and Fourth Motions for Leave to Amend will be denied as futile.

### E. Fifth Motion for Leave to Amend (Civ. Doc. 22)

Alston moves for leave to "amend" his construed § 2255 Motion to submit "newly discovered evidence." (Civ. Doc. 22, Fifth Motion for Leave to Amend.) In doing so, Alston seeks leave to submit the following items: (1) a document showing that Alston's criminal case number changed; (2) an unsigned and undated copy of Alston's IADA detainer; (3) documents showing that Alston's IADA detainer was mailed to the wrong address; (4) a letter written by Alston purporting to show that more than 180 days passed between the date when Alston submitted his IADA demand and when he was brought to Court; and (5) a copy of the criminal Judgment, which contains the updated case number. Fifth Motion for Leave to Amend at 2–5; see also Civ. Docs. 22-1 through 22-5.

The Court will grant the Fifth Motion for Leave to Amend to the extent the Court accepts the documents for consideration. However, the claims to which the documents relate—the claims in the construed § 2255 Motion— remain untimely or lacking in merit.

### F. Renewed Request for Appointment of Counsel

In the First, Second, and Third Motions for Leave to Amend, Alston renews his request for the appointment of counsel. As noted above, there is no constitutional right to counsel in post-conviction proceedings. <u>Finley</u>, 481 U.S. at 555. While Rules 6(a) and 8(c) of the Rules Governing Section 2255 Proceedings provide for the appointment of counsel if needed for effective discovery or to assist the petitioner in an evidentiary hearing, neither is required here because Alston's claims are barred by the statute of limitations. Nor do the interests of justice support the appointment of counsel under 18 U.S.C. § 3006A(a)(2). The claims Alston seeks to raise are not complex, do not require significant factual development, and Alston is capable of presenting his claims—he simply did not exercise diligence in doing so. Thus, the Court will not appoint counsel.

### IV.   Certificate of Appealability

The undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Alston "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that

"the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335–36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

When a district court has rejected a petitioner's claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

## V.    Conclusion

Having considered each of Alston's claims, and finding that none warrants relief under 28 U.S.C. § 2255, it is **ORDERED:**

1. Petitioner Andre Alston's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DISMISSED WITH PREJUDICE** as untimely.

2. Alston's First, Second, Third, and Fourth Motions for Leave to Amend (Civ. Docs. 14, 16, 18, 19) are **DENIED.** Alston's renewed request to appoint counsel is also **DENIED**.

3. The Motion to Reply to the Government's Response to the Motions for Leave to Amend (Civ. Doc. 21) is **GRANTED** to the extent the Court has considered Alston's arguments in the motion.

4. The Fifth Motion for Leave to Amend (Civ. Doc. 22) is **GRANTED** to the limited extent the Court has considered the attached documents.

5. The Motion for Evidentiary Hearing (Civ. Doc. 23) is **DENIED**.

6. The Clerk will enter judgment for the United States and against Alston, and close the file.

7. If Alston appeals this Order, the Court denies a certificate of appealability (COA). Because this Court has determined that a COA is not warranted, the Clerk will terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed. Such termination will serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of April, 2023.

_Marcia Morales Howard_
**MARCIA MORALES HOWARD**
United States District Judge

lc 19
C:
Counsel of record
Pro se petitioner